Caroline E. Ross v. George M. Noble *et al.*
No. 271.

1. Action for Accounting and Conveyance—*mortgagors having conveyed legal title not necessary parties on error in, against mortgagee's agent.* In an action by the equitable owner of real estate, for the recovery of the legal title and for an accounting against a mortgage company which has procured of the mortgagors the legal title for plaintiff, such mortgagors are not necessary parties to the action.

2. ———— *petition alleging plaintiff does not know what sum due, judgment, on default, for particular sum, erroneous.* It is error for a court to render judgment on default, without evidence, for a particular sum, upon a petition for an accounting which states no account, and alleges that the plaintiff does not know what advancements have been made in her behalf by the defendants.

3. ———— *petition examined, and held to state cause of.* The petition in this case examined, and held to state a cause of action

362        Ross v. Noble.

| N. Dept. | Opinion.  McElroy, J. | 6 Kan. App. |

for the recovery of the legal title to real estate and for an account-
ing.

4. ——— *defendant's statement on application to reopen judg-
ment presenting condition of account, court should take an
accounting.* Where the only issue presented by the statement of
the defense on the application to reopen a judgment is as to the
condition of an account of defendants for receipts and disburse-
ments, the court should proceed to take an accounting.

Error from Osborne District Court. Hon. Cyrus
Heren, Judge. Opinion filed December 23, 1897.
*Reversed.*

*Edwin A. Austin*, for plaintiff in error.

*Fuller & Whitcomb*, for defendants in error.

McElroy, J. This action was brought by Caroline
E. Ross against John M. Marshall, Catherine Mar-
shall, George M. Noble, S. G. Bailey, the Kansas
Loan and Trust Company, and the Trust Company of
America, in the District Court of Osborne County.
The petition set forth the execution and delivery, by
John M. Marshall and Catherine Marshall, of a cer-
tain note and interest coupons, and a mortgage secur-
ing the same, to E. M. Shelden, an agent of the Kansas
Loan and Trust Company, and indorsement of the same
to the plaintiff, and that the principal note and certain
coupons were due and unpaid. This was the sub-
stance of the first nine counts. The tenth count avers
equitable title in the plaintiff, the subsequent and
inferior legal titles of Geo. M. Noble and S. G. Bailey,
and that the Kansas Loan and Trust Company was
trustee for the plaintiff and was in receipt and pos-
session of the rents.

A stipulation was made and filed that the defend-
ants should have twenty days additional in which to
plead. Afterward, motions to set aside the service
were filed and overruled. The defendants made no

further appearance in the case. The plaintiff took judgment as upon default at the October term, 1895, decreeing that the tax deed held by S. G. Bailey and the warranty deed held by George M. Noble to the property in controversy were held by them as officers and agents of the Kansas Loan and Trust Company in trust for the plaintiff, for a conveyance by them to her, that in default of a conveyance the decree stand as such conveyance, and adjudging that the defendant, the Kansas Loan and Trust Company, pay to the plaintiff the sum of $177.70 as rents and profits, and for costs against the Kansas Loan and Trust Company, the Trust Company of America, George M. Noble, and S. G. Bailey.

The defendants in error George M. Noble, S. G. Bailey and the Kansas Loan and Trust Company, after the adjournment of the term, filed their motion to vacate and set aside the judgment and decree on account of irregularity in rendering the judgment. On February 5, 1896, at the February term, 1896, of court, this motion was heard, and the court vacated the judgment for irregularity. The defendants moved the court to require the plaintiff to elect upon which cause of action she would proceed, which motion the court sustained, the plaintiff excepting. The plaintiff elected to stand upon her petition as filed, and the court dismissed the case at her cost. To this also the plaintiff excepted, and now brings the case to this court for review.

I. The defendants in error contend that John M. Marshall and Catherine Marshall are necessary parties to this action. There is no merit in this contention. The plaintiff in her petition shows that

I. Mortgagors not necessary parties on error.

Marshall and wife conveyed the premises in question, by deed, to George M. Noble, in trust for the plaintiff. The defendants in

364        Ross v. Noble.

N. Dept.        Opinion. McElroy, J.        6 Kan. App.

their statement admit that a deed was procured from Marshall and wife in the name of George M. Noble, subject to the lien of the plaintiff's mortgage, but aver that the plaintiff's mortgage has been satisfied and canceled by the taking of the deed by George M. Noble. From these statements and admissions, it appears that John M. Marshall and Catherine Marshall have no interest in the real estate in question nor in the subject-matter of this action, and that they are not necessary parties.

II. Did the court err in holding that there were grounds for vacating and setting aside the judgment on account of irregularity? The plaintiff in her petition states that she does not know what rents and profits have actually been received, except the sum of $121.20 for the years 1891 and 1893; that the Loan Company negligently allowed the premises to be sold for taxes and purchased the same at the tax sale in the name of S. G. Bailey who holds for the use and benefit of this plaintiff; that the Loan Company assured the plaintiff that the tax certificates had been taken out to protect her interest, that the income from the rents and profits had been applied to the expenses incurred by the Loan Company, and that these advancements for the expenses and taxes were all paid; that the plaintiff does not know what advancements for expenses and taxes have been made by the Loan Company in her behalf. From this it is apparent that

2. Judgment, on default, for particular sum, erroneous.

the court erred in rendering judgment against the Kansas Loan and Trust Company, for $177.70, as upon default. The plaintiff was not entitled, under the allegations of the petition, without proof, to a judgment against this defendant for any amount of money, and under the allegations of her petition she is only entitled to re-

cover the amount found to be due her upon an accounting. The trial court very properly held that there were grounds for vacating and setting aside the judgment for $177.70 against the Trust Company.

III. Did the court err in holding that the plaintiff should elect upon which cause of action she would proceed? The plaintiff states in her petition the corporate existence of the Kansas Loan and Trust Company and the Trust Company of America, and that George M. Noble and S. G. Bailey are officers of the Kansas Loan and Trust Company. The first nine counts of the petition then set out that John M. Marshall and Catherine Marshall borrowed of the Kansas Loan and Trust Company one thousand dollars, evidenced by a promissory note and mortgage deed upon certain real estate, which note and mortgage deed were afterward, and before maturity, indorsed, assigned and delivered to the plaintiff, who is the owner and holder thereof. Default in the payment of this loan is alleged, and judgment asked against the Marshalls for the amount due and for foreclosure of the mortgage.

The plaintiff, for her tenth cause of action, states that she incorporates in that count all of the allegations and averments in the preceding nine counts as fully as if set out therein; that the Kansas Loan and Trust Company acted as agents for her in collecting interest; that upon default in the payment of the interest, in 1890, she sent to the Loan Company the note and mortgage for foreclosure, that such Company, acting as her agent, instead of foreclosing, took a deed from Marshall and wife in the name of George M. Noble as grantee, and that the Company then took possession of the real estate, has ever since been in possession thereof and has received all of the rents and profits; that the plaintiff does not know what

366       Ross v. Noble.

N. Dept.       Opinion. McElroy, J.       6 Kan. App.

rents and profits have actually been received, except the sum of $121.20 for the years 1891 and 1893; that the Loan Company negligently allowed the premises to be sold for taxes, and purchased the same at the tax sale in the name of S. G. Bailey, who holds the same for the use and benefit of this plaintiff; that the Kansas Loan and Trust Company assured the plaintiff that the tax certificate had been taken out to protect her interest, that the income from the rents and profits had been applied to expenses incurred by the Loan Company, and that these advancements for expenses and taxes were all paid, and the next year's rent would be paid to the plaintiff; that the plaintiff does not know what advancements for expenses and taxes have been made by the Loan Company in her behalf; that she is entitled to an accounting for the rents and profits received in pursuance of its trust, and for judgment against said defendant the Kansas Loan and Trust Company for the balance of said rents and profits after deducting such reasonable disbursements for expenses and taxes as the court may allow, and for the conveyance to her of the title so held.

There is much in the petition, in fact, almost all of the first nine causes of action, which might very properly have been stricken out upon proper motion, but this was waived by a failure to file such motion. The petition states but one cause of action against the defendants in error George M. Noble, S. G. Bailey, and the Kansas Loan and Trust Company, and that arises out of their trust relation to the plaintiff. Noble and Bailey were agents and representatives of the Kansas Loan and Trust Company. The Trust Company, in procuring the deeds to Bailey and Noble and in receiving the rents, was trustee for the plaintiff. A decree against the Company could only be

made effectual by a decree for a conveyance against
these individuals; there was no separate cause of ac-
tion against them, and by reason of the trust relation
the Trust Company was liable to account for the legal
title and the rents and profits.   There were no incon-
sistent causes of action against the defendants requir-
ing an election as to which the plaintiff should pursue.

3. Petition ex-
amined.

The suit was all for the recovery of the
legal title and for an accounting as trus-
tee for the plaintiff, and by default of motion, demurrer
or answer, any objections of a dilatory or technical na-
ture were waived.  The court, therefore, erred in hold-
ing that the plaintiff should elect upon which cause of
action she would proceed against the defendauts.

IV.  Did the court err in wholly vacating the judg-
ment, dismissing the action, and rendering judgment
against the plaintiff for costs?   The defendants filed
their statement of defense, which was, in substance,
that the note and mortgage were received by the Loan
Company for collection; that a deed was taken in the
name of George M. Noble, subject to the lien of plain-
tiff's mortgage; that the Loan Company took posses-
sion of the premises, in 1891, for the purpose of
protecting the interests of the plaintiff, and collected
the rents thereafter, which were expended in protect-
ing the property for the plaintiff; that the action of
the Loan Company and George M. Noble in taking the
deed to the premises was ratified and confirmed by
the plaintiff on October 13, 1891; that the tax deed
taken by S. G. Bailey was for the purpose of protect-
ing the plaintiff's interest in the mortgaged property;
that early in the year 1893, the Trust Company of
America purchased all of the claims of the Kansas
Loan and Trust Company and succeeded to all of the
rights of said Company; that the Loan Company re-

368 Ross v. Noble.

N. Dept.          Opinion.   McElroy, J.          6 Kan. App.

ceived in rents and profits from the mortgaged premises $230, and expended for the plaintiff in procuring the deed and in payment of expenses and taxes $269.70, leaving a balance due the Loan Company from the plaintiff of $39.70; that George M. Noble and S. G. Bailey and the Kansas Loan and Trust Company do not ask pay or compensation for their services, but demand that they be reimbursed for the amount they have actually expended; that plaintiff's mortgage has been satisfied and canceled by the taking of the deed by George M. Noble, and that these defendants have at all times informed the plaintiff that, on payment of the amount expended by them for taking care of the property, future rentals would be remitted to her.

There is little, if any, dispute as to the facts in this case. From an examination of the petition and statement of defense, which is the answer, it is made to appear that the plaintiff is the equitable owner of the real estate in question, that George M. Noble holds the legal title, and that S. G. Bailey holds a tax title as trustee for the Kansas Loan and Trust Company, which is the agent and trustee for the plaintiff; that the Trust Company took possession of the real estate in question, in 1891, and has ever been in possession, collecting the rents and profits, and has expended some money in procuring the legal title from the Marshalls and in procuring the tax title and collecting the rentals. The defendants hold the legal title in trust for the plaintiff. The plaintiff does not know the amount collected by the defendants on her account. The defendants claim a balance due them of $39.70. The Trust Company has been in possession of the lands for several years, collecting rents and rendering no account of receipts and disbursements.

The only issue presented by the statement of defense is as to the condition of the account for receipts and disbursements.    It is admitted that the plaintiff is the equitable owner of the lands in controversy, and that the defendant holds the legal title in trust for the plaintiff.    The petition in this case shows that the plaintiff is not entitled to recover upon her first nine causes of action, but the tenth states a cause of action against the defendants in error for the recovery of the legal title to the premises in question and for an

**4. Court should take accounting, when.** accounting. The judgment must be reversed and the case remanded with direction that the trial court take an accounting as between the parties, and upon final hearing render judgment in accordance with their rights as evidenced by the admissions and evidence.